IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA BREACH LITIGATION | Case No.: 3:20-mn-02972-JMC<br><br>MDL No. 2972<br><br>**CASE MANAGEMENT ORDER NO. 5 (APPOINTMENT OF LEADERSHIP COUNSEL)** |

THIS DOCUMENT RELATES TO: ALL ACTIONS

In Case Management Order No. 2, the court invited attorneys who had filed a civil action in this litigation to submit applications for Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, and the Plaintiffs' Steering Committee ("PSC") by February 5, 2021. (ECF No. 14.) The court received applications from nineteen (19) individuals and interviewed each candidate.[1] (ECF Nos. 22, 24, 26, 27, 28, 29, 30, 31, 32, 33.) After carefully considering the applicants' written submissions and oral statements in light of the criteria set forth in Case Management Order No. 2, the Manual for Complex Litigation, and Federal Rule of Civil Procedure 23(g), the court issues the following Order:

**1. CO-LEAD COUNSEL**

The court appoints the following attorneys as Plaintiffs' Co-Lead Counsel:

Amy Keller
DiCello Levitt Gutzler LLC
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602

---

[1] All applicants were highly qualified and committed candidates, thereby making the final selection process difficult. The court encourages counsel who were not appointed to formal roles to meaningfully engage with Plaintiffs' leadership so that the team may draw on your substantial skills and experience for the common benefit of all Plaintiffs in this action.

1

Marlon Kimpson
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464

Krysta Pachman
Susman Godfrey LLP
900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Harper Segui
Whitfield Bryson LLP
217 Lucas Street, Suite G
Mount Pleasant, SC 29464

Co-Lead Counsel will be responsible for coordinating pre-trial proceedings. They will have the following responsibilities, including, without limitation:

a. Determine and present to the court and opposing parties the position of all matters arising during pretrial proceedings;
b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this court;
c. Coordinate with members of the PSC in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository;
d. Coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, under the court's supervision;
e. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically; schedules are met; and unnecessary expenditures of time and expense are avoided;
f. Consider the qualifications of non-leadership counsel who submitted applications for specific tasks;
g. Consult with and employ consultants or experts, as necessary;
h. Enter into stipulations with opposing counsel necessary for the conduct of the litigation;
i. Encourage full cooperation and efficiency among all Plaintiffs' counsel;
j. Prepare and distribute periodic status reports to the parties;
k. Maintain adequate time and disbursement records covering service of designated counsel and establishing guidelines, for approval by the court, as to the keeping of time records and expenses;

      l. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;
      m. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;
      n. Present all matters of common concern to Plaintiffs;
      o. Perform such other duties as may be incidental to proper coordination with the PSC's pretrial activities or as authorized by further order of the court; and
      p. Submit, if appropriate, additional committees and counsel for designation by the court.

Co-Lead Counsel are also hereby designated as Co-Interim Class Counsel pursuant to Rule 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

## 2. LIAISON COUNSEL

The court appoints Frank Ulmer of McCulley McCluer LLC as Plaintiffs' Liaison Counsel. Liaison Counsel will be charged with administrative matters. Notwithstanding the appointment of Liaison Counsel, each counsel shall have the right to participate in all proceedings before the court as fully as such counsel deems necessary. Liaison Counsel shall not have the right to bind any party as to any matter without the consent of counsel for that party, except Liaison Counsel's own clients. Further, Liaison Counsel shall remain free to represent the interests and positions of their clients free of any claim (including without limitation any claim of conflict) arising from service as Liaison Counsel. They will be expected to:

      a. Act as the primary contact between the court and Plaintiffs' counsel;
      b. Maintain an up-to-date, comprehensive Service List of Plaintiffs and promptly advise the court and defense counsel of changes to Plaintiffs' Service List;
      c. Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the court, to the extent such documents are not electronically filed;
      d. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from defense counsel that are not electronically filed;

    e. Establish and maintain a document depository;
    f. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;
    g. Assist Co-Lead Counsel and the PSC in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;
    h. Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings;
    i. Maintain records of receipts and disbursements advanced by members of the PSC and received by the PSC, and report in writing to the PSC concerning disbursements and receipts;
    j. Act as the treasurer for any common benefit assessments and expenses; and
    k. Perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders from the court.

**3. PLAINTIFFS' STEERING COMMITTEE**

The court appoints the following attorneys as members of the PSC:

Gretchen Freeman Cappio (PSC Chair)
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Desiree Cummings
Robbins Geller Rudman & Dowd LLP
420 Lexington Avenue, Suite 1832
New York, NY 10170

Melissa Emert
Kantrowitz, Goldhammer & Graifman, PC
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977

Kelly Iverson
Carlson Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

Howard Longman
Stull, Stull & Brody
6 E 45th Street
New York, NY 10017

4

Douglas McNamara
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW
East Tower, 5th Floor
Washington, DC 20005

Melissa Weiner
Pearson, Simon & Warshaw, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402

The PSC will conduct and coordinate the discovery stage of this litigation with defense representatives. The PSC will have the following responsibilities, including, without limitation:

a. *Discovery*

1) Initiate, coordinate, and conduct all pretrial discovery on behalf of Plaintiffs in all actions which are consolidated with the instant multidistrict litigation;
2) Develop and propose to the court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs;
3) Cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial discovery of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist them in the preparation of the pretrial stages of their client's particular claims;
4) Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all Plaintiffs. No attorney for a Plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious;

b. *Hearings and Meetings*

1) Call meetings of counsel for Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or the court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;
2) Examine witnesses and introduce evidence at hearings on behalf of Plaintiffs;

5

      3) Act as spokesperson for all Plaintiffs at pretrial proceedings and in response to any inquiries by the court, subject of course to the right of any Plaintiffs' counsel to present non-repetitive individual or different positions;

  c. *Miscellaneous*

      1) Submit and argue any verbal or written motions presented to the court on behalf of the PSC as well as oppose when necessary any motions submitted by Defendant or other parties which involve matters within the sphere of the responsibilities of the PSC;
      2) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;
      3) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys;
      4) Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to Plaintiffs' Liaison Counsel who will promptly distribute copies to the other Plaintiffs' attorneys;
      5) Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the court's orders; and
      6) Perform such other functions as may be expressly authorized by further orders of this court.

It is intended and expected by this Order that, as to all matters common to the coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, that pretrial proceedings shall by conducted by and through the PSC.

The court notes that it has appointed seven (7) attorneys to the PSC. The court believes that this is an appropriate number given the amount of work this litigation may entail and the need for an expeditious resolution of this matter.

The court recognizes that changes to the PSC's organization may be necessary as the litigation progresses and new details emerge. The court may amend or expand the PSC upon request from the PSC or on the court's own motion, if and as circumstances warrant. The PSC is given the responsibility to create such committees and subcommittees as are necessary to

efficiently carry out its responsibilities, designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PSC), as may be required for the common benefit of Plaintiffs. To the extent a committee or subcommittee needs additional support with its common benefit work, it may seek the participation and assistance of non-leadership counsel. However, no common benefit work may be performed by non-leadership counsel without the prior approval of Co-Lead Counsel.

4. **PLAINTIFFS' LEADERSHIP COUNSEL CONFERENCE**

Those appointed to Plaintiffs' leadership positions are expected to confer within fourteen (14) days of the filing of this Order to establish the leadership structure, allocate responsibilities, and institute a billing protocol.

5. **PERSONAL NATURE OF APPOINTMENTS**

All appointments are of a personal nature. Accordingly, each appointee must assume personal responsibility for the performance of their duties. No other attorneys, including members of an appointee's law firm, may substitute for the appointee in the fulfillment of their exclusive duties, except with prior approval of the court. The court may add or replace appointees on their request, on request of Plaintiffs' leadership team, or on its own motion, if and as circumstances warrant.

6. **TERM OF APPOINTMENT**

All appointments are made for a one-year period and will expire on February 16, 2022. Counsel may apply for reappointment when their term expires. A reappointment application process will be established at an appropriate time in advance of the expiration date. Applications for reappointment must detail the nature and scope of the attorney's work on this litigation, including the time and resources that he or she expended during the previous term.

### 7. FUTURE CASE MANAGEMENT CONFERENCES

The next case management conference will be held on March 19, 2021 at 10 a.m. (ECF No. 16).  Before every case management conference, Liaison Counsel shall submit a proposed agenda to the court seven (7) days before the conference by emailing childs_ecf@scd.uscourts.gov.  The court will then approve and/or modify the agenda within two (2) days and send the final agenda to Liaison Counsel for dissemination.

Liaison Counsel shall also submit a list to the court detailing the names, email addresses, and phone numbers of the attorneys who plan to appear via video or phone ten (10) days before each conference.  The list shall be emailed to childs_ecf@scd.uscourts.gov.  The court will then send Webex invitations to those who wish to appear by video and file the teleconference instructions in the Master Docket (3:20-mn-02972-JMC).

### 8. COMMUNICATIONS WITH THE COURT

All communications from Plaintiffs with the court must be through Co-Lead Counsel or Liaison Counsel.  If circumstances require direct correspondence with the court by individual counsel, copies of any such communications must simultaneously be served on Co-Lead Counsel and Liaison Counsel.

### 9. CLASS CERTIFICATION

This Order shall not be interpreted by either side as indicative of the court's decision on the issue of class certification.  This Order does not assume that class certification is warranted or foreclose any argument that Defendant may wish to raise in opposition to class certification.

However, if a class is certified in this matter, counsel appointed to leadership positions will be excluded from the class.

**10. COMPENSATION AND REIMBURSEMENT OF PLAINTIFFS' COUNSEL**

The court will make the final determination as to the compensation and reimbursement of Plaintiffs' counsel. All timekeepers carrying out work for Plaintiffs' common benefit, including PSC members, who may look to any common fund or agreement for reimbursement or compensation shall maintain detailed and contemporaneous time records. The court will provide further details in a subsequent order.

On a quarterly basis, beginning on April 30, 2021, and thereafter on the last business day of each July, October, January, and April, Co-Lead and Liaison Counsel shall submit *in camera* reports to the court reflecting hours billed in this matter by all Plaintiffs' counsel. Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses for the period that relates to the missing or inadequate submissions.

**11. DEFENSE LEADERSHIP**

Defendant Blackbaud, Inc. represented in its Letter to the Court (ECF No. 25) that the following attorneys will serve as its Co-Lead Counsel:

Ronald Raether
Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

Ashley Taylor, Jr.
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point, 15th Floor
Richmond, VA 23219

David Anthony
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point, 15th Floor
Richmond, VA 23219

Tambry Bradford

9

Troutman Pepper Hamilton Sanders LLP
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Angelo Stio III
Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540

Amy Pritchard Williams
Troutman Pepper Hamilton Sanders LLP
301 S College Street, 34th Floor
Charlotte, NC 28202

Cindy Hanson
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

Josh Davey
Troutman Pepper Hamilton Sanders LLP
301 S College Street, 34th Floor
Charlotte, NC 28202

Timothy St. George
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point, 15th Floor
Richmond, VA 23219

Celeste Jones
Burr Forman McNair
1221 Main Street, Suite 1800
Columbia, SC 29201

J. Rutledge Young III
Duffy & Young, LLC
96 Broad Street
Charleston, SC 29401

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 16, 2021
Columbia, South Carolina