# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

|  |  |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA BREACH LITIGATION | Case No.: 3:20-mn-02972-JMC<br><br>MDL No. 2972 |
| Brian Peterson,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Allina Health System,<br><br>　　　　　　Defendant. | Civil Action No.: 3:21-cv-00989-JMC |

THIS DOCUMENT RELATES TO: 3:21-cv-00989-JMC

Before the court is a motion to remand to state court that is pending in one of the member cases of this multidistrict litigation ("MDL"). Plaintiff Brian Peterson ("Peterson") filed a putative class action in Minnesota state court against Defendants Blackbaud, Inc. ("Blackbaud") and Allina Health System ("Allina") (collectively, "Defendants") for claims arising out of the data breach incident that is the subject of this MDL. (ECF No. 1-1.)[1] After Blackbaud removed the action to the United States District Court for the District of Minnesota ("District of Minnesota"), Peterson filed the instant Motion to Remand (ECF No. 23). Before the District of Minnesota could rule on the Motion, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this court for consolidated pre-trial proceedings. (ECF No. 37.) Although actions against non-Blackbaud defendants are stayed until July 29, 2021, the court agreed to rule on Peterson's Motion

---

[1] Citations are to the *Peterson v. Allina Health System et al* (C/A No. 3:21-cv-00989-JMC) docket.

1

to Remand to determine whether the court has subject matter jurisdiction over the matter. (ECF No. 55 at 1.) For the reasons set forth below, the court **DENIES** Peterson's Motion to Remand (ECF No. 23).

## I. RELEVANT BACKGROUND

On October 7, 2020, Peterson filed a class action on behalf of "all persons who had their health records released by Defendant Allina to Defendant Blackbaud during the relevant liability period" in the Minnesota District Court, Fourth Judicial District, Hennepin County ("Hennepin County District Court"). (ECF No. 1-1 at 8.) In his original Complaint, Peterson claimed that Allina violated the Minnesota Health Records Act ("MHRA") by releasing his and similarly situated individuals' health records to Blackbaud without their consent. (*Id.* at 4-8; 13-14 (citing Minn. Stat. § 144.291 (2015)).) He also asserted that Blackbaud violated the MHRA by disclosing his and similarly situated individuals' health records to third parties without their consent during a ransomware attack on Blackbaud's systems in spring 2020 ("Ransomware Attack"). (*Id.*)

Invoking the Class Action Fairness Act ("CAFA"), Blackbaud removed the action to the District of Minnesota on November 3, 2020. (ECF No. 1 (citing 28 U.S.C. § 1332(d)).) On November 10, 2020, Blackbaud notified the court and the parties that the JPML was considering a motion to transfer and consolidate the action with other putative class actions arising out of the Ransomware Attack when it filed its Motion to Stay proceedings pending the JPML's decision. (ECF Nos. 12, 14.)

Seven (7) days later, Peterson dismissed Blackbaud as a defendant without prejudice. (ECF No. 20.) In his Notice of Dismissal, Peterson asserted that "[d]ismissing Blackbaud, Inc. from this case eliminates any basis for federal jurisdiction, and the Court must therefore remand this matter to Hennepin County District Court." (*Id.* at 1-2.)

On November 20, 2020, Peterson filed an Amended Complaint on behalf of "all citizens of Minnesota who had their health records released by Defendant Allina to Blackbaud during the relevant liability period." (ECF No. 21 at 5.) In his Amended Complaint, Peterson named Allina as the sole defendant and alleged that Allina violated the MHRA by releasing his and similarly situated individuals' health records without their consent. (*Id.* at 1, 4-5.) Although the Amended Complaint does not name Blackbaud as a defendant, it maintains that Blackbaud's conduct contributed to Peterson's injury. For example, it claims that "[i]n or around May 2020, Blackbaud released . . . patient information to another third party, who used this information for nefarious purposes" and that Blackbaud had an "agency relationship" with Allina and committed the acts at issue in furtherance of that relationship. (*Id.* at 2, 3.)

Peterson subsequently filed the instant Motion to Remand (ECF No. 23) and Memorandum in Support (ECF No. 25) on November 25, 2020. Peterson claims that remand to Hennepin County District Court is warranted because "[t]o the extent this Court ever had jurisdiction, removing Blackbaud from the case and filing the Amended Complaint eliminated any basis for it." (ECF No. 25.) On December 2, 2020, Allina filed a Memorandum in Opposition, contending that the action was properly removed from state court under CAFA. (ECF No. 33.) Peterson filed a Reply on December 16, 2020. (ECF No. 34.)

On December 15, 2020, the JPML issued a Transfer Order consolidating putative class actions arising out of the Ransomware Attack in the District of South Carolina for coordinated pretrial proceedings. (ECF No. 37 at 3.) After this case was listed in Conditional Transfer Order 1 ("CTO"), both Peterson and Allina challenged the transfer and moved to vacate the CTO. (*Id.* at 1.) On March 30, 2021, the JPML denied Peterson's and Allina's Motion to Vacate and transferred the matter to this court. (*Id.*)

The court initially denied Peterson's Motion to Remand without prejudice pursuant to Case Management Order No. 1. (ECF No. 50 (citing CMO No. 1 at 7 ("Any and all pending motions in the transferor courts are denied without prejudice and will be adjudicated under procedures set forth in this Order and subsequent orders issued by this court.")).) However, the court agreed to consider the Motion on the merits at the Third Case Management Conference on April 30, 2021. (ECF No. 55 at 1.)

## II.     LEGAL STANDARD

### A. Removal

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). [2] A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. However, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Caufield v. EMC Mortgage Corp.*, 803 F. Supp. 2d 519, 524 (S.D.W. Va. 2011) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

### B. CAFA

"Congress enacted CAFA in 2005 to address abuses of the class action device." *Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th Cir. 2008). To ensure that class actions of national or

---

[2] The court will apply the law of the Fourth Circuit to determine whether it has subject matter jurisdiction over this action. *See, e.g.*, *In re Porsche Cars North America, Inc.*, 880 F. Supp. 2d 801, 815 (S.D. Ohio 2012) ("In interpreting federal law, a transferee court in a multidistrict case should look to the law of its own circuit rather than the law of the transferor courts' circuits."); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 241 F.R.D. 435, 439 (S.D.N.Y. 2007) ("[C]ourts have held that the law of the transferee circuit controls pretrial issues such as whether the court has subject matter . . . jurisdiction over the action, or whether the cases should be remanded to state court because the cases were not properly removed."); *In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1204 n.2 (S.D. Ind. 2001) ("The law of the circuit where the transferee court sits governs questions of federal law in MDL proceedings.").

interstate significance can be brought in federal court, CAFA extends federal jurisdiction to class action proceedings that satisfy three (3) requirements: "(1) the putative class has more than 100 members (numerosity); (2) the amount in controversy exceeds five million dollars, exclusive of interest and costs (amount in controversy); and (3) the parties are minimally diverse in citizenship (minimal diversity)." *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 329-30 (4th Cir. 2019) (citing § 1332(d)(2), (5)(B)).

A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But when removal is challenged, the removing party bears the burden of producing evidence establishing the amount in controversy by a preponderance of the evidence. *Id.* at 88-89 (citing § 1446(c)(2)(B)). To determine whether the amount in controversy exceeds five (5) million dollars, the "claims of the individual class members shall be aggregated." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590 (2013) (citing § 1332(d)(6)).

Minimal diversity is present if "any member of [the] class of plaintiffs is a citizen of a [s]tate different from any defendant." *Johnson*, 549 F.3d at 936 (citing 28 U.S.C. § 1332(d)(2)(A)). For purposes of determining diversity jurisdiction, "residency is not sufficient to establish citizenship." *Id.* at 937 n.2 (citing *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998)). To be a citizen of a state, a person must be both a citizen of the United States and a domiciliary of that state. *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). Domicile requires physical presence, coupled with an intent to make the state a home. *Id.* (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Jahed v. Acri*, 468 F.3d 230, 236 (4th Cir. 2006)). A "corporation shall be deemed to be a citizen of any

[s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business." *Id.* at 935.

A federal court's jurisdiction under CAFA is determined at the time of removal. *See, e.g.*, *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633 (5th Cir. 2014); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014); *Cleary v. Philip Morris Inc.*, 656 F.3d 511 (7th Cir. 2011); *Estate of Hanna v. Agape Senior, LLC*, No. 3:12-CV-02872-JFA, 2015 WL 247906, at *1 (D.S.C. Jan. 20, 2015). "Thus, it has been held that the federal court can retain CAFA jurisdiction over a putative class action when, after removal, plaintiffs amended their complaint to eliminate the class allegations." 14C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3724 (Rev. 4th ed. 2021) (citing *In Touch Concepts, Inc. v. Cellco Partnership*, 788 F.3d 98 (2d Cir. 2015); *In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010)).

"[W]hile the removing defendant bears the burden of showing that CAFA's general jurisdictional requirements are satisfied, the plaintiff has the burden of showing the applicability of one of the exceptions." *Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018).

C. Local Controversy Exception

CAFA's local controversy exception requires that federal courts decline jurisdiction in class action suits where:

(1) more than two-thirds of the members of the proposed plaintiff class are citizens of the state where the suit was filed originally;

(2) at least one defendant

(a) is a defendant from whom members of the plaintiff class are seeking "significant relief,"

6

>    (b) is a defendant whose conduct "forms a significant basis" for the proposed plaintiff class's claims, and
>
>    (c) is a citizen of the state in which the action originally was filed;
>
> (3) the principal injuries stemming from the conduct alleged in the complaint occurred in the state where the action was filed originally; and
>
> (4) in the three years before the filing of the class action complaint, no other similar class action was filed against any of the defendants on behalf of the same or other class.

*Dernoshek v. FirstService Residential, Inc.*, No. 1:21-CV-56, 2021 WL 1060208, at *2 (M.D.N.C. Mar. 19, 2021) (quoting *Quicken Loans Inc. v. Alig*, 737 F.3d 960, 964 (4th Cir. 2013) (citing 28 U.S.C. § 1332(d)(4)(A))). If the local controversy exception applies, then the court is "required to decline to exercise jurisdiction over the action and remand it to state court." *Id.*

D. Discretionary Jurisdiction Exception

Under CAFA's discretionary jurisdiction exception, a court may decline to exercise jurisdiction over a "class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the [s]tate in which the action was originally filed" in "the interests of justice and looking at the totality of the circumstances[.]" 18 U.S.C. § 1332(d)(3). The court is to exercise its discretion based on the consideration of six (6) factors. The statute directs courts to consider:

> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the [s]tate in which the action was originally filed or by the laws of other [s]tates;

>(C) whether the class action has been pleaded in a manner that seeks to avoid Federal Jurisdiction;
>
>(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
>(E) whether the number of citizens of the [s]tate in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other [s]tate, and the citizenship of the other members of the proposed class is dispersed among a substantial number of [s]tates; and
>
>(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

### III.     ANALYSIS

Peterson contends that the court lacks subject matter jurisdiction over this action under CAFA because the amount in controversy does not meet CAFA's jurisdictional threshold and minimal diversity does not exist. (ECF No. 25 at 2-3.) He also claims that the local controversy and discretionary exceptions to CAFA bar the court from exercising jurisdiction over this case. (*Id.* at 5; ECF No. 34.) However, Peterson's claims erroneously rely on the Amended Complaint he filed after the action was removed. (*See* ECF Nos. 25, 34.) Since jurisdiction is determined at the time of removal, the propriety of remand depends on the pleading in place at the time of removal. In this case, Peterson's original Complaint was the operative pleading when Blackbaud removed the action to federal court.

After a thorough review of Peterson's original Complaint, the court finds that this matter was properly removed from Hennepin County District Court. At the time of removal, CAFA conferred subject matter jurisdiction over the action. Additionally, the local controversy and discretionary jurisdiction exceptions did not apply.

A. <u>CAFA</u>

The instant action satisfied CAFA's numerosity, amount-in-controversy, and minimal diversity requirements when it was removed. As a result, the court has subject matter jurisdiction over the matter under CAFA.

In his original Complaint, Peterson alleged that the class "will be comprised of thousands of class members[.]" (ECF No. 1-1 at 8-9.) Since the original Complaint alleged a putative class of more than 100 members, CAFA's numerosity requirement was satisfied at the time of removal.

Peterson also alleged damages exceeding CAFA's jurisdictional threshold in his original Complaint. Peterson maintained that his claimed damages exceeded $50,000 and asserted that his claims were "typical" of the entire class "of thousands[.]" (*Id.* at 9-10.) Thus, if each class member had similar damages and the class was comprised of 1,000 members, the total damage claim would exceed $50 million, far surpassing CAFA's five (5) million-dollar amount-in-controversy requirement. The court also notes that a class comprised of 1,000 plaintiffs would only require damages of $5,000 per plaintiff to meet CAFA's jurisdictional threshold. Moreover, the original Complaint seeks expenses, attorneys' fees, and expert fees under the MHRA as well as "leave to amend the Complaint to seek punitive damages[.]" (*Id.* at 10.)

Peterson claims that this type of damage calculation is "unsound" because "the amount of alleged damages (i.e., an amount exceeding $50,000) is a pleading requirement under Minnesota law" pursuant to Minn. Stat. § 544.36 (1978). (ECF No. 25 at 4.) Minn. Stat. § 544.36 (1978)

provides that "if a recovery of money is demanded in an amount less than $50,000, the amount shall be stated. If a recovery of money in an amount greater than $50,000 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought." Minn. Stat. § 544.36 (1978). Thus, the statute does not establish a generic pleading requirement for damages in all cases as Peterson claims. Instead, it allows a plaintiff to plead damages exceeding $50,000 instead of pleading an exact demand for damages if the plaintiff seeks more than $50,000 in damages. Accordingly, Peterson's demand for "an amount exceeding $50,000" suggests that he is seeking more than $50,000 in damages, not less than $50,000. (ECF No. 1-1 at 10.)

Given Peterson's alleged damages of at least $50,000, Peterson's assertion that his claims are typical of the class, and the purported class of thousands, the original Complaint satisfies CAFA's five (5) million-dollar amount-in-controversy requirement.

Furthermore, the parties are minimally diverse in citizenship. The original Complaint alleges that Peterson is a citizen of Minnesota and maintains that Blackbaud is a Delaware corporation with its principal place of business in South Carolina. (*Id.* at 3.) Thus, a "member of [the] class of plaintiffs is a citizen of a [s]tate different from any defendant." *Johnson*, 549 F.3d at 936 (citing 28 U.S.C. § 1332(d)(2)(A)).

B. Local Controversy Exception

Contrary to Peterson's assertions, the local controversy exception does not apply here. First, Peterson has failed to demonstrate that more than two-thirds of the members of the proposed plaintiff class are citizens of Minnesota. The original Complaint defines the proposed class as "all persons who had their health records released by Defendant Allina to Defendant Blackbaud during the relevant liability period." (ECF No. 1-2. at 8.) Thus, the class definition in Peterson's original

Complaint is not limited by definition to Minnesota residents or citizens. Moreover, the original Complaint does not allege the citizenship of any of the "thousands" of class members except for Peterson and Peterson has failed to offer any evidence suggesting that other members of the proposed class in his original Complaint are citizens of Minnesota. (*See* ECF Nos. 1-1, 25, 34.) The addition of a Minnesota citizenship requirement to the proposed class definition in Peterson's Amended Complaint also suggests that such a requirement is absent from the proposed class definition in his original Complaint. Unlike the proposed class definition in Peterson's original Complaint, the proposed class definition in his Amended Complaint is limited to "*all citizens of Minnesota* who had their health records released by Defendant Allina to Blackbaud during the relevant liability period." (ECF No. 21 at 5 (emphasis added).)

Second, Peterson has not shown that no similar class action complaints were filed against any defendant on behalf of the same or other class in the three (3) years before he filed his original Complaint. Before Peterson filed his original Complaint on October 7, 2020, at least thirteen (13) other class actions asserting causes of action arising out of the Ransomware Attack were filed against Blackbaud.[3] One of those thirteen (13) class actions, *Mandel v. Blackbaud, Inc.* (D.S.C.,

---

[3] *See Allen et al v. Blackbaud, Inc.* (D.S.C., No. 3:20-cv-02930-JMC, filed Aug. 12, 2020); *Estes et al v. Blackbaud, Inc.* (C.D. Cal., No. 2:20-cv-8275, filed Sept. 9, 2020); *Eisen v. Blackbaud, Inc.* (C.D. Cal., No. 2:20-cv-08356, filed Sept. 11, 2020); *Arthur et al v. Blackbaud, Inc.* (S.D. Fla., No. 2:20-cv-14319, filed Sept. 11, 2020); *Martin v. Blackbaud, Inc.* (D.S.C., No. 3:20-cv-03286-JMC, filed Sept. 15, 2020); *Graifman v. Blackbaud, Inc.* (S.D.N.Y, No. 1:20-cv-07600, filed Sept. 16, 2020); *Zielinski v. Blackbaud, Inc.* (S.D.N.Y., No. 1:20-cv-07714, filed Sept. 18, 2020); *Sheth v. Blackbaud, Inc.* (W. Wa., No. 2:20-cv-01381, filed Sept. 18, 2020); *Cohen v. Blackbaud, Inc. et al.* (W. Wa., No. 2:20-cv-01388, filed Sept. 21, 2020); *Lofton v. Blackbaud, Inc.* (N.D. Ill., No. 1:20-cv-05775, filed Sept. 28, 2020); *Silverman Bedell v. Blackbaud, Inc.* (S.D.N.Y., No. 7:20-cv-08271, filed Oct. 5, 2020); *Faszczewski v. Blackbaud, Inc.* (E.D.N.Y., No. 2:20-cv-04758, filed Oct. 5, 2020); *Mandel v. Blackbaud, Inc.* (D.S.C., 3:20-cv-03534-JMC, filed Oct. 6, 2020).

3:20-cv-03534-JMC), was also brought by a Minnesota citizen whose information was exposed during the Ransomware Attack as a result of his relationship with Allina.

C. <u>Discretionary Jurisdiction Exception</u>

Like the local controversy exception, the discretionary jurisdiction exception does not apply here. Peterson has failed to show that "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes" are citizens of Minnesota. 18 U.S.C. § 1332(d)(3). As previously discussed in regard to the local controversy exception's citizenship requirement, the original Complaint does not indicate the citizenship of the members of the proposed class and Peterson has presented no evidence demonstrating that other members of the proposed class in the original Complaint are Minnesota citizens. *See supra* Part III.A.

Even if more than one-third but less than two-thirds of the members of the proposed class were citizens of Minnesota, the discretionary jurisdiction exception would not apply because the interests of justice and the totality of the circumstances weigh against declining jurisdiction. The national interest, avoidance of federal jurisdiction, forum citizenship, and similar class action factors in 28 U.S.C. § 1332(d)(3) support the exercise of federal jurisdiction. The consolidation of all federal actions against Blackbaud arising out of the Ransomware Attack in this MDL suggests that Peterson's claim concerns a matter of national interest. The original Complaint was not pled in a manner seeking to avoid federal jurisdiction since it did not limit the proposed class by definition to Minnesota residents and asserted a claim against an out-of-state defendant. The citizenship of class members is also unclear because the class definition is not limited by definition to Minnesota residents, the original Complaint does not allege the citizenship of any of the "thousands" of class members except for Peterson, and Peterson has introduced no evidence of the

class members' citizenship. (*See* ECF No. 1-1.) Finally, similar class actions were filed against Blackbaud months before Peterson filed his Complaint. *See supra* Part III.A.

In contrast, the state law governance and nexus factors support remand. Peterson's sole claim arises under Minnesota law while Allina's headquarters in Hennepin County provides a nexus to the forum. However, those factors merit little weigh. Plaintiffs in the MDL have asserted the same MHRA claim against Blackbaud in their Consolidated Class Action Complaint as Peterson has in this action. (ECF No. 45 at 312.) Additionally, the alleged harm, the class members, and the defendants have connections to other forums. The Ransomware Attack occurred outside of Hennepin County, it is unclear how many class members are citizens of Minnesota or Hennepin County, and Blackbaud is not a citizen of Minnesota. Accordingly, the factors supporting remand do not outweigh the factors supporting jurisdiction.

## IV.     CONCLUSION

At the time of removal, this action was properly removed from state court because CAFA conferred subject matter jurisdiction and the local controversy and discretionary jurisdiction exceptions did not apply. Accordingly, the court **DENIES** Peterson's Motion to Remand (ECF No. 23).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 14, 2021
Columbia, South Carolina