Troutman Pepper Hamilton Sanders LLP
troutman.com



**Ronald I. Raether, Jr.**
ron.raether@troutman.com

**Celeste T. Jones**
ctjones@burr.com

July 16, 2021

**VIA EMAIL**
The Honorable J. Michelle Childs, U.S.D.J.
U.S. District Court for the District of South Carolina
901 Richland Street
Columbia, SC 29201

Re:   *In re Blackbaud, Inc.  Customer Data Security Breach Litigation*
      Case No. 3:20-mn-02972 - Blackbaud's Proposed Pre-Trial Schedule

Dear Judge Childs:

Blackbaud, Inc. submits this letter in accordance with the Court's Order Regarding Revised Scheduling Order (Dkt. No. 129), where the Court ordered the parties to set forth their competing positions on scheduling.  We appreciate the opportunity to address this matter with the Court.

While the parties all agree a revised scheduling order is necessary, the parties presently disagree about three issues.  First, Blackbaud believes the Court's decision to sequence the litigation to move this case forward efficiently was the right decision.  And, the discovery in Phase 1 has just begun in substance.  While the parties: (1) exchanged written discovery on May 28; (2) served a Rule 30(b)(6) deposition notice on June 14; (3) and just recently on July 1 began issuing their respective third party subpoenas, no depositions have yet occurred, no written discovery responses have been exchanged, and no third party has yet responded to discovery.  As described below, Plaintiffs have generally served party and third-party discovery without regard for the scope limitations in Phase 1, serving discovery that is facially overbroad.  Plaintiffs have not agreed to limit their discovery, in our view, to Phase 1 issues.  Nonetheless, the parties are actively engaged in meet and confer efforts on the scope of the discovery served, having exchanged numerous letters and attended multiple calls.  The parties continue to work through those issues, having just recently reached agreement, for example, on the scope of Plaintiffs' Rule 30(b)(6) discovery topics.

Given that Phase 1 discovery remains in its early stages – and is presently in dispute as to its scope – Blackbaud submits that any further discussion of a pre-trial schedule should occur only after Phase 1 discovery has substantially completed and the Court has issued decisions on the pending motions to dismiss numerous statutory and common law claims; consistent with the Court's original reasoning as to the phasing of this case.  With that knowledge in hand, a more informed decision can be made as to what should come next.

The Honorable J. Michelle Childs, U.S.D.J.
July 16, 2021
Page 2



---

Second, if the Court is inclined to enter a schedule beyond the Phase 1 deadline, Blackbaud suggests that any new schedule be consistent with the Court's prior phasing Orders, including by allowing a motion for partial summary judgment on Phase 1 issues once Phase 1 discovery has concluded. Plaintiffs, by contrast, ask the Court to abandon sequencing altogether. Blackbaud fundamentally disagrees with this new approach, particularly where Phase 1 discovery has not come close to completion.

Third, Blackbaud believes that, given all of the uncertainties of discovery (and the associated costs and expense), the uncertain outcome of the dispositive motions it has filed (and will be filing), and of Plaintiffs' forthcoming motion for class certification, it makes sense for the Court to set a schedule only through class certification briefing once Phase 1 discovery has concluded, with any deadlines for final summary judgment briefing and pretrial and trial activities would be set later, if needed. Plaintiffs, on the other hand, ask the Court to prematurely set a schedule now all the way through trial, virtually ensuring that further revisions will be needed.

Accordingly, Blackbaud proposes: (1) that the parties and the Court discuss only an extension of Phase 1 discovery cutoff at this time, the length of which can be further assessed at the upcoming September 2021 status conference; and (2) alternatively, if the Court is inclined to set a schedule beyond Phase 1, the following structure should be adopted:

| Event | Deadline |
| --- | --- |
| Phase 1 expert disclosures | To Be Determined |
| Phase 1 rebuttal expert disclosures/expert reports | To Be Determined |
| Phase 1 fact discovery cutoff | To Be Determined |
| Phase 2 discovery begins | To Be Determined |
| Phase 1 expert discovery deadline | To Be Determined |
| Summary judgment motions on Phase 1 issues due / *Daubert* motions on Phase 1 issues | To Be Determined |
| Response to summary judgment motions on Phase 1 issues due / response to *Daubert* motions | To Be Determined |
| Replies on summary judgment motions on Phase 1 issues / replies to *Daubert* motions | To Be Determined |
| Class certification expert disclosure | To Be Determined |
| Hearing on summary judgment motion on Phase 1 issues / *Daubert* motions on Phase 1 issues | To Be Determined |
| Class certification rebuttal expert disclosure | To Be Determined |
| Phase 2 / class certification discovery deadline | To Be Determined |
| Motion for class certification / *Daubert* motions on class certification experts | To Be Determined |
| Response to motion for class certification / responses to *Daubert* motions | To Be Determined |
| Reply for motion to class certification / replies to *Daubert* motions | To Be Determined |
| Hearing on class certification | To Be Determined |

The Honorable J. Michelle Childs, U.S.D.J.
July 16, 2021
Page 3



## I. The Court's Decision To Sequence Discovery Was Correct And Should Persist

Blackbaud believes the schedule in this case should reflect the phased approach to the litigation and discovery already ordered by the Court. On April 16, 2021, after hearing argument on the parties' respective positions, the Court entered Case Management Order No. 7C ("Order"), which ordered Phase 1 discovery to begin immediately on the issues of ascertainability, causation, and damages, and end three months later, on July 16, 2021. (ECF No. 78.) While the parties agree that they need more time to complete discovery on Phase 1 issues, phased discovery should not be eliminated altogether, especially at this early stage (*e.g.*, before any depositions relating to Phase 1 topics, before written discovery responses and document for Phase 1 have been produced). Rather, maintaining the discovery sequencing by only extending the deadline for the completion of Phase 1 discovery aligns with the Court's stated objectives. Specifically, Blackbaud believes the benefits of phased litigation—the goal of which, as the Court has recognized, is to advance the resolution of this litigation on its merits or by mediation—will best be realized if the parties are permitted to complete what they have started on ascertainability, causation, and damages.

Simply put, sequenced discovery, beginning with ascertainability, damages, and causation remains principled and actionable. Those issues implicate core, threshold issues that impact all of Plaintiffs' substantive claims and whether they could even possibly be certified. *See In re Blackbaud, Inc.*, 3:20-mn-02972-JMC, 2021 U.S. Dist. LEXIS 123355, *20 (D.S.C. Jul. 1, 2021) ("Plaintiffs will have to prove that Blackbaud caused their injuries in order to prevail on the merits of their federal and state claims."). Those issues also are relevant to the Court's required, ongoing assessment of whether it has subject matter jurisdiction over Plaintiffs' claims. As this Court is aware, Blackbaud previously moved to dismiss Plaintiffs' claims under Rule 12(b)(1) for failure to establish a traceable injury to the Ransomware Attack. In that motion, including through the sworn testimony of Kroll, Inc., Blackbaud identified how none of the Plaintiffs' claims are, in fact, traceable to the Ransomware Attack, including due to the lack of any connection between their claims of fraud and the data they claim was compromised in the Ransomware Attack; the speculative nature of the claim of dissemination; and their pervasive prior exposures of their personal identifying information in other breaches. For instance, only three named Plaintiffs who allege actual identity theft or fraud also alleged that their Social Security numbers – traditionally the *sine qua non* of committing actual identity theft – were possibly implicated, and even those three Plaintiffs do not allege that their Social Security numbers were only held by Blackbaud's customers. This Court held earlier this month that those factual issues implicating its subject matter jurisdiction and the merits of Plaintiffs' claims would need to be developed in discovery. *Id.* at *28 ("Even if Blackbaud ultimately shows after discovery that Plaintiffs' alleged injuries were not caused by the Ransomware Attack, it is premature to dismiss Plaintiffs' claims on grounds of traceability at this stage.").[1] Phase 1, however, *is precisely the vehicle to assess those issues*.

---

[1] As this Court is aware, the Supreme Court has now generally eliminated the "risk of future harm" as a "concrete injury" for purposes of Article III subject matter jurisdiction, and that Article II standing must be established by "factual evidence" of a harm that actually "materializes." *See TransUnion LLC v. Ramirez*, No. 20-297, (June 25, 2021). That recent clarification of Article III standards from the Supreme Court only highlights the need for a limited, yet comprehensive, Phase I discovery period.

The Honorable J. Michelle Childs, U.S.D.J.
July 16, 2021
Page 4



These threshold issues of traceability/causation and damages also remain relevant to the mediation process, as a central issue at the mediation will, of course, be whether Plaintiffs have suffered any concrete injury/damages caused by the Ransomware Attack.

In contrast, the Plaintiffs have asserted the term "causation" in Phase 1 has a much broader interpretation. For example, for the issue of "causation," Plaintiffs have stated they are seeking in discovery, "among other things, information regarding the actions Blackbaud did or did not take which could have led to—*or caused*—the data breach." Those issues, however, plainly go to <u>liability</u>, not harm or proximate causation of supposed injuries, only the latter of which is the proper subject of Phase 1 discovery.[2] The parties have met and conferred on those issues, and they have cooperatively agreed to limitations on Rule 30(b)(6) deposition practice, greatly narrowing the initial list of topics served. Plaintiffs have also very recently served third party discovery on issues related to ascertainability and data impacted by the Ransomware Attack, along with many other topics that likewise are outside the scope of Phase I. The parties have yet to begin their meet and confer discussions on that third-party discovery in earnest. These ongoing discussions about recently served discovery provide yet another reason why the Court should only be focused on extending the Phase 1 deadline at this time, while the parties work to conduct discovery on those important, threshold topics. Plaintiffs proposal to simply abandon sequencing while these new issues continue to be worked through, and when little Phase 1 discovery has occurred to date, should be rejected. The Phase 1 process should be given a chance to unfold and to work.

## II.     Early Partial Summary Judgment Practice Will Help Advance This Litigation

As noted above, if the Court is inclined to schedule anything beyond an extension of Phase 1 discovery at this time, Blackbaud has also alternatively proposed a schedule that would include a number of additional deadlines, including that Phase 1 discovery be followed by partial summary judgment motion practice on Phase 1 issues, which is the logical conclusion of Phase I discovery. The breadth of this litigation is significant. Yet, Blackbaud anticipates the Phase 1 motions will substantially narrow the issues presented, or potentially eliminate the litigation altogether.

Plaintiffs have expressed concern that the partial summary judgment motion practice Blackbaud proposes at the end of Phase I is "unfair" because it may only address some issues or some claims. But focusing on the key issues that will help advance the litigation is not "unfair." Instead, it is the logical way to approach complex litigation.[3]

---

[2] Indeed, there is no realistic chance that early discovery on claimed "breach" issues will facilitate mediation efforts – one of the Court's principal goals in Phase 1 – whereas completing discovery on the far more objectively resolvable issues of damages, causation, and acertainability will facilitate those efforts.

[3] The Federal Rules of Civil Procuedure, in fact, make clear that summary judgment motions can be used to address fewer than all claims or issues. *See* Fed. R. Civ. P. 56(d); *see also Powers v. Credit Mgmt. Servs.*, Inc., 776 F.3d 567, 571 n.1 (8th Cir. 2015) ("[I]t is not uncommon for a district court to rule on a summary judgment motion that will clarify or simplify the litigation prior to ruling on class certification.").



The Honorable J. Michelle Childs, U.S.D.J.
July 16, 2021
Page 5

---

### III.   Plaintiffs' Incomplete And Unworkable Schedule Ignores The Court's Order

Finally, if the Court considers the competing scheduling proposals, Plaintiffs' schedule, which eliminates sequencing altogether, suffers from several flaws, and the Court should reject it.

First, Plaintiffs' proposal ignores the Court's directive that there be sequencing of discovery in this case to promote negotiations and create efficiencies. Plaintiffs want to abandon sequencing when Phase 1 discovery has yet to begin in earnest, and when the parties are well equipped to work through their current disagreements on scope that have so far stalled Phase 1 progress, including through the assistance of Special Master Grossman.

Second, Plaintiffs' proposed schedule is unworkable and unwise for numerous reasons. To begin, Plaintiffs' schedule – which appears to be designed around a traditional schedule for individual (*i.e.*, non-class litigation) – is substantially incomplete, failing to account for numerous necessary litigation steps. For instance, Plaintiffs' schedule has no provision for the disclosure and discovery of experts with respect to class certification, which will certainly exist on both sides. Plaintiffs also propose that dispositive motions – on any issue – be filed in July 2021, with trial then set for August 2021.[4] Notably, that schedule would not even allow for the full briefing of dispositive motions before the trial date, and it would thus result in massive inefficiencies and waste as the parties prepared for a trial that could be eliminated by motions practice. Blackbaud respectfully submits that Plaintiffs' schedule is not consistent with other data breach multidistrict litigation proceedings, or even complex litigation more generally, and is instead hastily designed to get to class certification without accounting for the broader issues in this case that would be necessary to properly assess class certification.

Plaintiffs' schedule also would eliminate discovery sequencing and phasing in a rush to trial when various motions to dismiss are currently before the Court based on the creative and efficient Rule 12(b)(6) sequencing adopted by the Court, and when the Court has itself noted that subject matter jurisdiction is in question and needs to be the subject of further Phase 1 discovery. Plaintiffs' proposal will eliminate the efficiencies that the Court has created through phasing and sequenced motions practice. We look forward to discussing these issues with you.

Sincerely,

/s/ Ronald I. Raether, Jr.
/s/ Celeste T. Jones

---

[4] Plaintiffs' schedule is also remarkably compressed, seeking to impose huge collective costs within a span of months, all while subject matter jurisdiction remains in dispute. In fact, Plaintiffs' proposed schedule would have class certification filed less than ten months after Phase 1 began. Blackbaud notes that, even in the Eastern District of Virginia's "Rocket Docket," which is the fastest trial court in the country, class certification briefing in the pending Capital One data breach multidistrict litigation (1:19-md-02915-AJT-JFA) began fifteen months after discovery commenced in a case where discovery was not phased.

117773847v1