IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:20-mn-02972-JFA<br><br>MDL No. 2972<br><br>PROVISIONAL ORDER SEALING PLAINTIFFS' EXPERT REPORTS AND MOTION FOR CLASS CERTIFICATION |

**THIS DOCUMENT RELATES TO: ALL ACTIONS**

This matter is before the Court on Plaintiffs' Omnibus Motion for Leave to Seal Plaintiffs' Expert Reports (ECF No. 290) and Plaintiffs' Motion for Leave to Seal Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Class Certification. (ECF No. 291).

### I. BACKGROUND

Plaintiffs filed the above referenced Motions on December 16, 2022, and thereafter, on January 13, 2023, Defendant Blackbaud, Inc. ("Defendant") filed responses to each Motion. (ECF Nos. 304 & 305). On January 20, 2023, Plaintiff also filed a Reply. (ECF No. 307). Thus, this matter is ripe for review.

In their Motions, Plaintiffs request this Court provisionally seal their expert reports along with the accompanying exhibits as well as their memorandum in support of their class certification motion. Plaintiffs' make this request in accordance with the Amended Stipulated Confidentiality Order ("ASCO") which was entered in this matter on June 22, 2022. (ECF No. 264). In its Responses, Defendant supports Plaintiffs' Motions to Seal and requests this Court grant these Motions because the subject documents contain information which it also considers sensitive and confidential.

The ASCO provides that when a party seeks to file documents with the Court which may contain information considered confidential as defined in Section I of the ASCO and the non-filing party intends to or anticipates challenging the confidentiality designations, the filing party must file such documents provisionally under seal. (ECF No. 264 at 19). Further, the ASCO outlines the process for the parties to challenge confidentiality designations which requires the documents to remain under seal until the resolution of any challenges by Special Master Grossman. *Id.* Following the resolution of any challenges, the filing party shall file an amended, unsealed version of the documents on the docket with only the information deemed to be confidential by Special Master Grossman redacted. *Id.* at 17.

## II.     LEGAL STANDARD

Pursuant to Local Civil Rule 5.03,[1] a party seeking to file documents under seal must file and serve a Motion to Seal and accompanying memorandum that (1) identifies, with specificity, the documents or portions thereof for which sealing is requested; (2) states the reasons why sealing is necessary; (3) explains (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) addresses the factors governing sealing of documents reflected in controlling case law. *Id.* at 5.03(A). The motion also must be accompanied by (1) a non-confidential descriptive index of the documents at issue and (2) counsel's certificate of compliance with this rule. Id. at 5.03(B). Finally, a separately sealed attachment containing the documents at issue must be provided for this Court's in camera review. Id. at 5.03(C).

---

[1] Section VII of the Amended Stipulated Confidentiality Order specifies that "[a] Party that seeks to file any Protected Material must ... seek to file the Protected Material under seal in compliance with Local Civil Rule 5.03," and that "Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue." (ECF No. 264 at 19).

Fourth Circuit case law also provides that before a district court may seal any court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000). A district court may seal documents if the public's right of access is outweighed by competing interests. *Id.*

### III.    DISCUSSION

Upon review, this Court observes that Plaintiffs' Motions to Seal were filed on December 16, 2022, thereby providing the public with notice and opportunity to object to the Motions. (ECF Nos. 290 & 291). Further, this Court finds Plaintiffs have complied with the requirements set forth in the ASCO and Local District Court Rule 5.03 when filing the instant Motions to Seal. Based on the parties' briefs and a review of the proposed information to be sealed, this Court is persuaded that Plaintiffs have sufficiently demonstrated the need to provisionally grant the Motions to Seal according to the ASCO. (ECF No. 264). Under these circumstances, this Court has considered less drastic alternatives to sealing and determined that such alternatives would not provide adequate protection.

### IV.    CONCLUSION

As a result of the foregoing, this Court grants Plaintiffs' Motions to Seal (ECF Nos. 290 & 291). This Court recognizes this Order is provisional in nature such that after the process for challenging the confidentiality designations is complete Plaintiffs will re-file their expert reports with the relevant attachments[2] and memorandum in support of their motion for class certification.

---

[2] In Plaintiffs' Reply, Plaintiffs state they inadvertently omitted the "exhibits and appendices" associated with expert, Mary Fratz's declaration in their initial Motion to Seal. (ECF No. 307). Plaintiffs and Defendant agree these exhibits

The re-filed versions will contain redactions of information deemed confidential by Special Master Grossman.

    IT IS SO ORDERED.

January 26, 2023                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

---

and appendices contain confirmation information according to the ASCO that should also be filed under seal. Therefore, these documents shall also be included in this Court's provisional Order granting Plaintiffs' Motions to Seal.