**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA BREACH LITIGATION | ) ) Case No.: 3:20-mn-02972-JFA ) ) MDL No. 2972 ) ) **PROVISIONAL ORDER SEALING PLAINTIFFS' REPLIES IN SUPPORT OF THEIR MOTIONS TO EXCLUDE OPINIONS OF BLACKBAUD'S EXPERTS** |

**THIS DOCUMENT RELATES TO: ALL ACTIONS**

This matter is before the Court on Plaintiffs' Motion to Seal Plaintiffs' Replies in Support of their Motions to Exclude Opinions of Blackbaud's Experts along with the accompanying exhibit enumerated in Exhibit A to the Motion to Seal. (ECF Nos. 462, 462-2).

**I.     BACKGROUND**

Plaintiffs filed the above referenced Motion on January 22, 2024, and thereafter, on February 5, 2024, Defendant filed its Response in Support. (ECF No. 479). Plaintiffs did not file a Reply. Thus, this matter is ripe for review.

In their Motion, Plaintiffs request that this Court provisionally seal their Replies in Support of their Motions to Exclude various Opinions of Blackbaud's Experts along with the accompanying exhibit listed in Exhibit A to the Motion to Seal. Plaintiffs make this request in accordance with the Amended Stipulated Confidentiality Order ("ASCO") which was entered in this matter on June 22, 2022. (ECF No. 264). In its Response, Blackbaud agrees with Plaintiffs that the materials Plaintiffs seek to provisionally seal should be sealed in accordance

1

with the ASCO, Fourth Circuit law, and the parties' past practice in this case. Accordingly, Blackbaud does not oppose Plaintiffs' motion.

The ASCO provides that when a party seeks to file documents with the Court which may contain information considered confidential as defined in Section I of the ASCO, and the non-filing party intends to or anticipates challenging the confidentiality designations, the filing party must file a motion seeking to file such documents provisionally under seal. (ECF No. 264., p. 19). After review and consideration of such motion, this Court may grant the Motion by an Order provisionally sealing the subject documents. Subsequently, any party intending to challenge any confidentiality designations must present such challenges to Special Master Grossman within five (5) business days of the subject documents being provisionally sealed via Order of this Court. *Id.* at 15–16. Following the resolution of any challenges, the filing party shall file an amended, unsealed version of the documents on the docket with only the information deemed to be confidential by Special Master Grossman redacted. *Id.* at 17.

## II.    LEGAL STANDARD

Pursuant to Local Civil Rule 5.03,[1] a party seeking to file documents under seal must file and serve a Motion to Seal and accompanying memorandum that (1) identifies, with specificity, the documents or portions thereof for which sealing is requested; (2) states the reasons why sealing is necessary; (3) explains (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) addresses the factors governing sealing of documents reflected in controlling case law. *Id.* at 5.03(A). The motion also must be accompanied

---

[1] Section VII of the ASCO specifies that "[a] Party that seeks to file any Protected Material must . . . seek to file the Protected Material under seal in compliance with Local Civil Rule 5.03," and that "Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue." (ECF No. 264, p. 19).

by (1) a non-confidential descriptive index of the documents at issue and (2) counsel's certificate of compliance with this rule. *Id.* at 5.03(B). Finally, a separately sealed attachment containing the documents at issue must be provided for this Court's in camera review. *Id.* at 5.03(C).

Fourth Circuit case law also provides that before a district court may seal any court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000). A district court may seal documents if the public's right of access is outweighed by competing interests. *Id.*

### III.     DISCUSSION

This Court finds that Plaintiffs have complied with the requirements set forth in the ASCO and Local District Court Rule 5.03 when filing the instant Motion to Seal. (ECF No. 462). Based on the parties' briefs and a review of the proposed information to be sealed, this Court is persuaded that Plaintiffs have sufficiently demonstrated the need to grant the Motion to Seal according to the ASCO. (ECF No. 264). Under these circumstances, this Court has considered less drastic alternatives to sealing and determined that such alternatives would not provide adequate protection in light of the risk of harm that would be created by unredacted filing of the proposed information to be sealed.

### IV.     CONCLUSION

As a result of the foregoing, this Court grants Plaintiffs' Motion to Seal (ECF No. 462). This Court recognizes that this Order is provisional in nature, such that after the process for

challenging the confidentiality designations is complete, Plaintiffs will refile these documents with redactions of information deemed confidential by Special Master Grossman.

    IT IS SO ORDERED.

March 18, 2024
Columbia, South Carolina

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

4