# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA BREACH LITIGATION | Case No.: 3:20-mn-02972-JFA<br><br>MDL No. 2972<br><br>**PROVISIONAL ORDER SEALING BLACKBAUD'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT AND CERTAIN EXHIBITS** |

**THIS DOCUMENT RELATES TO: ALL ACTIONS**

This matter is before the court on Defendant Blackbaud's Motion to Seal its Memorandum in Support of Summary Judgment and certain exhibits thereto.[1] (ECF No. 544). Blackbaud filed the Motion on February 18, 2025. Plaintiffs did not respond. Thus, this matter is ripe for review.

In its Motion, Blackbaud asks the court to issue an order to maintain under seal (i) select excerpts of Blackbaud's Memorandum in Support of Motion for Summary Judgment; and (ii) certain exhibits attached thereto (together the "Confidential Materials"), many of which were previously filed under seal in connection with Blackbaud's Opposition to Plaintiffs' Motion for Class Certification (ECF No. 328). (ECF No. 544-2 at 1). Blackbaud makes this request in accordance with the Amended Stipulated Confidentiality Order ("ASCO") entered in this matter on June 22, 2022 (ECF No. 264).

---

[1] Although Blackbaud asks the court to seal all exhibits, Blackbaud has filed Exhibits 1, 20, 21, and 22 on the public docket, mooting its request to seal these documents. (ECF Nos. 545-3, 545-6, 545-7, 545-8).

1

## I. LEGAL STANDARD

Pursuant to District of South Carolina Local Civil Rule 5.03, a party seeking to file documents under seal must file and serve a motion to seal and accompanying memorandum that (1) identifies, with specificity, the documents or portions thereof for which sealing is requested; (2) states the reasons why sealing is necessary; (3) explains (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) addresses the factors governing sealing of documents reflected in controlling case law. *Id.* at 5.03(A). The motion must be accompanied by (1) a non-confidential descriptive index of the documents at issue and (2) counsel's certificate of compliance with the rule. *Id.* at 5.03(B). Finally, a separately sealed attachment containing the documents at issue must be provided for this court's in camera review. *Id.* at 5.03(C).

Fourth Circuit case law also provides that before a district court may seal any court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000). A district court may seal documents if the public's right of access is outweighed by competing interests. *Id.*

## II. DISCUSSION

The court finds that Blackbaud's Motion complies with the procedural requirements set forth in the ASCO and Local Rule 5.03. Moreover, Blackbaud has filed a redacted version of the Memorandum on the public docket, as well as unredacted versions of non-

2

confidential exhibits. (ECF No. 545). Based on Blackbaud's brief and a review of the proposed information to be sealed, the court is persuaded that Blackbaud has sufficiently demonstrated the need for provisional sealing the relevant documents based on the sensitive nature of the information contained therein and the operative confidentiality order in this matter.

The court emphasizes the provisional nature of this ruling pursuant to the process set forth in the ASCO. The ASCO provides that when a party seeks to file documents which the parties have designated as confidential, but anticipates challenges to the confidentiality designations, the party must file a motion seeking to file such documents provisionally under seal. (ECF No. 264 at 19). If the court grants such a motion, the party challenging the confidentiality designations must present such challenges to Special Master Grossman within five days of the court's order. (*Id.* at 15–16). Following resolution of the challenges, the filing party must file an amended, unsealed version of the documents with redactions of the information deemed confidential by Special Master Grossman. (*Id.* at 17). The process set forth above and in the ASCO balances the public's right of access to legal filings with need to protect the sensitive information contained in the relevant filing. Accordingly, the court finds that considering the risk of harm presented by publicly filing the relevant exhibits before the confidentiality designation challenges have been resolved by Special Master Grossman, less drastic alternatives would not provide adequate protection.

### III.    CONCLUSION

Based on the foregoing, the court grants Blackbaud's Motion to Seal (ECF No. 544). The court recognizes that this Order is provisional in nature, such that after the process for challenging the confidentiality designations is complete, Blackbaud will refile these documents with redactions of information deemed confidential by Special Master Grossman pursuant to the ASCO.

IT IS SO ORDERED.

March 20, 2025                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

4