IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA BREACH LITIGATION | Case No.: 3:20-mn-02972-JFA<br><br>MDL No. 2972<br><br>**STIPULATION AND [PROPOSED] ORDER ESTABLISHING QUALIFIED SETTLEMENT FUND** |

THIS DOCUMENT RELATES TO: ALL ACTIONS

WHEREAS, the Parties have negotiated a confidential settlement between Defendant Blackbaud and Plaintiffs individually, under which all remaining cases will be dismissed with prejudice pending payment to Plaintiffs and their respective counsel, as further described in the Confidential Master Agreement of All Plaintiffs' Claims for Attorneys' Fees or Costs ("Master Agreement") and Confidential Individual Settlement Agreement and Release of Claims ("Individual Agreement") (collectively, the "Settlement" and "Agreements");

WHEREAS, the Settlement will fully and completely resolve all remaining claims in the Litigation;

WHEREAS, the Master Agreement specifies and the Parties jointly request that this Court establish a Qualified Settlement Fund, and appoint Plaintiffs' Co-Lead Counsel Amy Keller at DiCello Levitt, LLP and Marlon Kimpson at Motley Rice, LLC as the QSF Administrator, and The Huntington National Bank as Escrow Agent and Custody Bank;

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, UPON ORDER OF THE COURT:**

1. The Blackbaud Data Breach Litigation Qualified Settlement Fund ("Blackbaud QSF," or "QSF"), is established as a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and pursuant to the requirements of Treasury Regulation §1.468B-1;

2. Plaintiffs' Co-Lead Counsel Amy Keller at DiCello Levitt, LLP and Marlon Kimpson at Motley Rice, LLC, together with their respective firms are appointed as Administrator of the QSF ("QSF Administrator"), under Treasury Reg. § 1.468B-2(k)(3)(ii);

3. The Huntington National Bank will be the Custody Bank of the QSF, and shall serve as Escrow Agent ("Escrow Agent"), at the direction of the QSF Administrator and shall maintain the account and distribute fees according to the Escrow Agreement entered between the Escrow Agent and Plaintiffs' Co-Lead Counsel;

4. The QSF must be treated at all times as a "qualified settlement fund" within the meaning of § 468B of the Internal Revenue Code of 1986 and Treasury Regulations thereunder and be administered in accordance with the requirements of those Treasury Regulations. The Parties must treat the QSF as a qualified settlement fund for all reporting purposes under the federal tax laws. It is the responsibility of the QSF Administrator to prepare and deliver any necessary documentation for signature by all necessary parties, and to cause the appropriate filing to occur. All expenses associated with compliance with this provision must be paid from the QSF. The QSF Administrator will be the "administrator" within the meaning of Treas. Reg. § 1.468B-

2(k)(3). The QSF Administrator shall take responsibility for the filing of all informational and other tax returns as necessary or advisable with respect to the QSF. All taxes, estimated taxes, interest, or penalties on income earned on the QSF, if any, must be paid out of the QSF.

5. The QSF Administrator will obtain a Federal Taxpayer Identification Number for the QSF within five (5) business days of the entry of this Order establishing the QSF.

6. The QSF is immediately authorized to receive a payment from Defendant (the "Settlement Fund"), consisting of an Attorney Payment and Individual Payment, as agreed to by the Parties, and to hold that sum, subject to the continuing jurisdiction of this Court, until the QSF Administrator provides disbursement instructions in accordance with the Agreements and this Order.

7. No bond shall be required, provided that the Settlement Fund is held in an interest-bearing deposit obligation, or similar interest bearing, or non-interest bearing account or certificates of deposit, of the Custody Bank, insured by the Federal Deposit Insurance Corporation ("FDIC").

8. The Escrow Agent shall distribute the Settlement Fund as instructed in a writing executed by the QSF Administrator or Plaintiffs' Co-Lead Counsel. Neither the Escrow Agent, the QSF Administrator, or Plaintiffs' Co-Lead Counsel shall have any responsibility for any investment losses resulting from the investment, reinvestment or liquidation of the QSF, as applicable, that are made in accordance with the terms of the Agreements and this Order. The QSF Administrator, Plaintiffs' Co-Lead Counsel, and Escrow Agent are further indemnified and held harmless by the Plaintiffs who, along with their respective counsel, sign the Individual Agreement ("Settling Plaintiffs") and

their respective counsel against any reasonable expenses, costs and fees (including attorneys' fees), judgment, awards, or liabilities incurred with respect to maintenance or distribution of the Settlement Fund.

9. Allocation and distribution of the Settlement Fund, consistent with the terms of the Agreements, shall be the sole responsibility of the QSF Administrator and Plaintiffs' Co-Lead Counsel, at their sole discretion, consistent with the authority given to them by the Court, including specifically the authority and sole discretion to distribute the Attorney Payment and Individual Payment in accordance with the terms of the Agreements. *See* Case Management Order No. 5 (Appointment of Leadership Counsel), *see* Order at Section 1.c-l.

10. The QSF Administrator is authorized to distribute each Individual Payment as directed in the Individual Agreement, or as agreed to by the Plaintiff and Individual Counsel, consistent with their respective terms of engagement. The QSF Administrator is authorized to distribute the Attorney Payment to cover the following, in this order of priority: 1. Any and all remaining unpaid necessary and appropriate common benefit costs as determined and approved by Plaintiffs' Co-Lead Counsel; 2. Reimbursement of prior contributions to common benefit costs, in proportion to those contributions; 3. To the extent any funds remain, reasonable compensation to Plaintiffs' Co-Lead Counsel or other counsel for time expended on work performed for the common benefit of Plaintiffs.

11. Upon deposit of the Settlement Fund, all claims released by or on behalf of each Settling Plaintiff against Blackbaud and all other released parties, as set forth in the Individual Agreement (the "Released Parties"), shall be fully and finally released and

extinguished. The Released Parties shall have no role or responsibility in the allocation or distribution of funds and will be fully and completely released with respect to all matters arising after such deposit, including the management or disbursement of the Settlement Fund.

12. This Court shall retain continuing subject matter jurisdiction until the Settlement Fund is distributed, consistent with Treasury Regulation 1.468B-1(c)(1).

13. Upon completion and final distribution of all monies paid into the QSF, the QSF Administrator is authorized to take appropriate steps to wind down the QSF and thereafter discharge the QSF Administrator from any further responsibility with respect to the QSF. The QSF Administrator may, but is not obligated to, seek a final order of discharge from this Court.

Respectfully submitted,

**MOTLEY RICE LLC**
*/s/ Marlon E. Kimpson*
Marlon E. Kimpson (SC Bar No. 17042)
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel: (843)216-9000
Fax: (843)216-9027
Email: mkimpson@motleyrice.com

**DICELLO LEVITT GUTZLER LLC**
*/s/ Amy E. Keller*
Amy E. Keller
Ten North Dearborn Street, 6th Floor
Chicago, IL 60602
Tel: (312) 214-7900
Email: akeller@dicellolevitt.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
*/s/ Harper T. Segui*
Harper T. Segui
825 Lowcountry Blvd., Suite 101
Mount Pleasant, SC 29464
Tel: (919) 600-5000
Fax: (919) 600-5035
Email: hsegui@milberg.com

**SUSMAN GODFREY LLP**
*/s/ Krysta K. Pachman*
Krysta K. Pachman
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
Email: kpachman@susmangodfrey.com

*Co-Lead Counsel for Plaintiffs*

**TROUTMAN PEPPER LOCKE LLP**

<u>/s/ Ronald I. Raether, Jr.</u>
Ronald I. Raether, Jr.
5 Park Plaza Suite 1400
Irvine, CA 92614
Tel: (949) 622-2722
Fax: (949) 622-2239
Email: ron.raether@troutman.com

Ashley L. Taylor, Jr.
David N. Anthony
Timothy J. St. George
H. Scott Kelly
1001 Haxall Point
Suite 1500
Richmond, VA 23219
Tel: (804) 697-1254
Fax: (804) 698-6013
Email: ashley.taylor@troutman.com
       david.anthony@troutman.com
       timothy.st.george@troutman.com
       scott.kelly@troutman.com

Angelo A. Stio, III
301 Carnegie Center
Suite 400
Princeton, NJ 08543
Tel: (609) 951-4125
Fax: (609) 452-1147
Email: angelo.stio@troutman.com

Cindy D. Hanson
600 Peachtree Street NE
Suite 3000
Atlanta, GA 30308
Tel: (404) 885-3830
Fax: (404) 885-3900
Email: cindy.hanson@troutman.com

Amy Pritchard Williams
Joshua D. Davey
301 South College Street
Suite 3400
Charlotte, NC 28202

Tel: (704) 916-1503
Fax: (704) 998-4051
Email: amy.williams@trouman.com
      joshua.davey@troutman.com

Tambry L. Bradford
350 S Grand Avenue
Suite 3400
Los Angeles, CA 90071
Tel: (213) 928-9805
Fax: (213) 928-9850
Email: tambry.bradford@troutman.com

**BURR FOREMAN MCNAIR**

*/s/ Celeste T. Jones*
Celeste T. Jones (Fed. ID # 2225)
1221 Main Street, Suite 1800
Columbia, SC 29201
Tel: (803) 799-9800
Fax: (803) 753-3278
Email: CTJones@burr.com

**DUFFY AND YOUNG LLC**

*/s/ J. Rutledge Young, III*
J. Rutledge Young, III
96 Broad Street
Charleston, SC 29401
Tel: (843) 720-2044
Fax: (843) 720-2047
Email: ryoung@duffyandyoung.com

*Attorneys for Defendant Blackbaud, Inc.*

       **IT IS SO ORDERED**.

_____, 2025
Columbia, South Carolina

                                      Joseph F. Anderson, Jr.
                                      United States District Judge

4923-5971-8738, v. 1