**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

|  |  |
|---|---|
| IN RE: BLACKBAUD, INC., CUSTOMER DATA BREACH LITIGATION | Case No.: 3:20-mn-02972-JFA<br><br>MDL No. 2972<br><br>**ORDER ESTABLISHING QUALIFIED SETTLEMENT FUND** |

THIS DOCUMENT RELATES TO: ALL ACTIONS

This matter is before the court on the Parties' joint request for establishment and approval of a Qualified Settlement Fund under 26 C.F.R. § 1.468B-1.

The Parties have negotiated a confidential settlement between Defendant Blackbaud and Plaintiffs individually, under which all remaining cases will be dismissed with prejudice pending payment to Plaintiffs and their respective counsel, as further described in the Confidential Master Agreement of All Plaintiffs' Claims for Attorneys' Fees or Costs ("Master Agreement") and Confidential Individual Settlement Agreement and Release of Claims ("Individual Agreement") (collectively, the "Settlement" and "Agreements"). The Parties represent that the Settlement will fully and completely resolve all remaining claims in the Litigation.

The Parties jointly request that this court establish a Qualified Settlement Fund, and appoint Plaintiffs' Co-Lead Counsel Amy Keller at DiCello Levitt, LLP and Marlon Kimpson at Motley Rice, LLC as the QSF Administrator, and The Huntington National Bank as Escrow Agent and Custody Bank. Having considered the request and the joint submission of the Parties, the court finds as follows:

1

1.     The Blackbaud Data Breach Litigation Qualified Settlement Fund ("Blackbaud QSF," or "QSF"), is established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and pursuant to the requirements of Treasury Regulation § 1.468B-1.

2.     Plaintiffs' Co-Lead Counsel Amy Keller at DiCello Levitt, LLP and Marlon Kimpson at Motley Rice, LLC, together with their respective firms are appointed as Administrator of the QSF ("QSF Administrator"), under Treasury Reg. § 1.468B-2(k)(3)(ii).

3.     The Huntington National Bank will be the Custody Bank of the QSF and shall serve as Escrow Agent ("Escrow Agent"), at the direction of the QSF Administrator and shall maintain the account and distribute fees according to the Escrow Agreement entered between the Escrow Agent and Plaintiffs' Co-Lead Counsel.

4.     The QSF must be treated at all times as a "qualified settlement fund" within the meaning of § 468B of the Internal Revenue Code of 1986 and Treasury Regulations thereunder and be administered in accordance with the requirements of those Treasury Regulations. The Parties must treat the QSF as a qualified settlement fund for all reporting purposes under the federal tax laws. It is the responsibility of the QSF Administrator to prepare and deliver any necessary documentation for signature by all necessary parties, and to cause the appropriate filing to occur. All expenses associated with compliance with this provision must be paid from the QSF. The QSF Administrator will be the "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3). The QSF Administrator shall take responsibility for the

filing of all informational and other tax returns as necessary or advisable with respect to the QSF. All taxes, estimated taxes, interest, or penalties on income earned on the QSF, if any, must be paid out of the QSF.

5. The QSF Administrator will obtain a Federal Taxpayer Identification Number for the QSF within five business days of the entry of this Order establishing the QSF.

6. The QSF is immediately authorized to receive a payment from Defendant (the "Settlement Fund"), consisting of an Attorney Payment and Individual Payment, as agreed to by the Parties, and to hold that sum, subject to the continuing jurisdiction of this Court, until the QSF Administrator provides disbursement instructions in accordance with the Agreements and this Order.

7. No bond shall be required, provided that the Settlement Fund is held in an interest-bearing deposit obligation, or similar interest bearing, or non-interest bearing account or certificates of deposit, of the Custody Bank, insured by the Federal Deposit Insurance Corporation ("FDIC").

8. The Escrow Agent shall distribute the Settlement Fund as instructed in a writing executed by the QSF Administrator or Plaintiffs' Co-Lead Counsel. Neither the Escrow Agent, the QSF Administrator, or Plaintiffs' Co-Lead Counsel shall have any responsibility for any investment losses resulting from the investment, reinvestment or liquidation of the QSF, as applicable, that are made in accordance with the terms of the Agreements and this Order. The QSF Administrator, Plaintiffs' Co-Lead Counsel, and Escrow Agent are further indemnified and held harmless by the Plaintiffs who, along with their respective counsel, sign the Individual

Agreement ("Settling Plaintiffs") and their respective counsel against any reasonable expenses, costs and fees (including attorneys' fees), judgment, awards, or liabilities incurred with respect to maintenance or distribution of the Settlement Fund.

9. Allocation and distribution of the Settlement Fund, consistent with the terms of the Agreements, shall be the sole responsibility of the QSF Administrator and Plaintiffs' Co-Lead Counsel, at their sole discretion, consistent with the authority given to them by the Court, including specifically the authority and sole discretion to distribute the Attorney Payment and Individual Payment in accordance with the terms of the Agreements. *See* ECF No. 35 (Case Management Order No. 5, Appointment of Leadership Counsel).

10. The QSF Administrator is authorized to distribute each Individual Payment as directed in the Individual Agreement, or as agreed to by the Plaintiff and Individual Counsel, consistent with their respective terms of engagement. The QSF Administrator is authorized to distribute the Attorney Payment to cover the following, in this order of priority: 1. Any and all remaining unpaid necessary and appropriate common benefit costs as determined and approved by Plaintiffs' Co-Lead Counsel; 2. Reimbursement of prior contributions to common benefit costs, in proportion to those contributions; 3. To the extent any funds remain, reasonable compensation to Plaintiffs' Co-Lead Counsel or other counsel for time expended on work performed for the common benefit of Plaintiffs.

11. Upon deposit of the Settlement Fund, all claims released by or on behalf of each Settling Plaintiff against Blackbaud and all other released parties, as set forth in the Individual Agreement (the "Released Parties"), shall be fully and finally released and extinguished. The Released Parties shall have no role or responsibility in the allocation or distribution of funds and will be fully and completely released with respect to all matters arising after such deposit, including the management or disbursement of the Settlement Fund.

12. This court shall retain continuing subject matter jurisdiction consistent with Treasury Regulation § 1.468B-1(c)(1).

13. Upon completion and final distribution of all monies paid into the QSF, the QSF Administrator is authorized to take appropriate steps to wind down the QSF and thereafter discharge the QSF Administrator from any further responsibility with respect to the QSF. The QSF Administrator may, but is not obligated to, seek a final order of discharge from this court.

IT IS SO ORDERED.

July 10, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge